or of the proceeds thereof, or in any other lands to be purchased on behalf of the asserted partnership; and, in the next place, that the whole title of the plaintiff resolves itself into a parol trust, created by an express agreement of the parties in the purchase and sale of lands on joint account, which is within the statute of frauds. It seems to me, that to admit the plaintiff to recover in this case, would break down the whole operation and policy of the statute of frauds in regard to trusts. I find, too, that the same view of the matter has been taken by Sir Edward Sugden, a most truly respectable authority upon such a subject, in the last edition of his treatise on Vendors and Purchasers.

Upon the whole, my opinion is, that the bill ought to be dismissed; but, under all the circumstances, without costs to either party.

---

SMITH (BURR v.). See Case No. 2,196.

SMITH (BURTON v.). See Case No. 2.219.

SMITH (CARDINEL v.). See Case No. 2,395.

---

## Case No. 13,020.

### SMITH v. CAROLIN.

[1 Cranch, C. C. 99.] [1]

Circuit Court, District of Columbia. Nov. Term, 1802.

NOTES—SUBSCRIBING WITNESS—OBLIGATION TO PRODUCE.

If there be a subscribing witness to an instrument, evidence of the confession of the defendant will not dispense with the testimony of the subscribing witness.

Debt on a promissory note.

Mr. Jones, for plaintiff, produced a note having a subscribing witness who was not present in court, and offered to prove that the defendant acknowledged the note to be his.

Mr. Youngs, for defendant, objected, and cited Esp. N. P. 256, 781.

THE COURT refused to admit the testimony, on the general ground that the nonproduction of the subscribing witness induces a suspicion that if produced, he would testify something to the defendant's advantage. Peake, Ev. 7, 64–66.

KILTY, Chief Judge, contra.

The plaintiff became nonsuit.

---

## Case No. 13,021.

### SMITH v. CATLETT.

[1 Cranch, C. C. 56.] [1]

Circuit Court, District of Columbia. Jan. Term, 1802.

COURTS—KEEPING ORDER—BAIL.

The court will not interfere to prevent the bail from seizing the principal further than to keep order in court.

[1] [Reported by Hon. William Cranch, Chief Judge.]

E. J. Lee presented to the court an affidavit, stating that Smith was bail for Catlett in a suit in the Dumfries district court. That Smith had this morning arrested Catlett by virtue of a bailpiece in the market place, but that Catlett forced himself into the presence of the court while sitting. That the marshal refused to suffer Smith to take Catlett by force out of court, and refused to turn Catlett out of court. The motion was to permit Smith to take him in the presence of the court and carry him away; or that the court would command him to surrender himself to his bail.

But THE COURT refused to interfere and commanded the marshal to see that order was preserved in court.

---

SMITH (CHAMBERS v.). See Case No. 2,582.

---

## Case No. 13,022.

### SMITH v. CHASE.

[3 Cranch, C. C. 348.] [1]

Circuit Court, District of Columbia. Dec. Term, 1828.

JUSTICE OF PEACE—BILL OF EXCEPTIONS.

Upon a jury trial before a justice of the peace, under the act of congress of March 1, 1823 [3 Stat. 743], "to extend the jurisdiction of justices of the peace in the recovery of debts in the District of Columbia," the justice is not bound to sign a bill of exceptions, as no writ of error, or appeal, will lie in such a case.

Appeal from a justice of the peace, whose judgment was given upon the verdict of a jury summoned by his order, under the fifteenth and sixteenth sections of the act of congress of March 1, 1823 (3 Stat. 743), "to extend the jurisdiction of justices of the peace in the recovery of debts in the District of Columbia." At the trial, the defendant tendered a bill of exceptions to an opinion of the justice, upon a point of law, which the justice refused to sign, and a motion was now made to compel him to sign it.

Mr. Ashton, for appellant, (the original defendant.) The statute of Westminister (13 Edw. I. c. 31) applies to all courts whose judgments may be reversed by writ of error, or writ of false judgment. Bac. Abr. tit. "Bill of Exceptions"; 2 Inst. 427; 1 Archb. Prac. 230. The justice's court is a court of common law and of record; for, by the act of 1823 (section 3) he is bound to keep a docket, and "therein to record and make regular entries of their proceedings," and they have power to fine and imprison for contempts.

Mr. Elkins, contra. A writ of error will only lie to a court originating from the common law. It does not lie to a court of summary jurisdiction. Tidd, Prac. c. 43. See Maryland Laws 1715, c. 12; 1753, c. 13:

[1] [Reported by Hon. William Cranch, Chief Judge.]